# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT:  COUNTY OF ERIE

———————————————————

MICHAEL P KUBISZYN
2200 Two Rod Road
East Aurora, New York 14052,

|  |  |
|---|---|
| Plaintiff, | **SUMMONS** |
| vs. | |
| SHERIFF JOHN C. GARCIA, in his Official and | Index No. |
| Individual Capacity as Sheriff of Erie County, | |
| 10 Delaware Avenue | Plaintiff designates Erie |
| Buffalo, New York 14202 | County as place of trial |
| | |
| DEPUTY SALVATORE VACCARO | The basis of venue is plaintiff's |
| 10 Delaware Avenue | residence in East Aurora, New York |
| Buffalo, New York 14202 | |

DEPUTY SARAH MURPHY
10 Delaware Avenue
Buffalo, New York 14202

DEPUTY MOLLY GORSKI
10 Delaware Avenue
Buffalo, New York 14202

SERGEANT CHRISTOPHER SOLURI
10 Delaware Avenue
Buffalo, New York 14202

                    Defendants.

———————————————————

**TO THE ABOVE-NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:        Buffalo, New York
              September 20, 2025          **LIPSITZ GREEN SCIME CAMBRIA LLP**


                                          By: /s/ Melissa D. Wischerath
                                              MELISSA D. WISCHERATH, ESQ.
                                          Attorneys for Plaintiff
                                          42 Delaware Avenue, Suite 120
                                          Buffalo, New York 14202-3924
                                          (716) 849-1333

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE
_____

MICHAEL P. KUBISZYN,

                    Plaintiff,          **COMPLAINT**

vs.

                          Index No.

SHERIFF JOHN C. GARCIA, in his Official and
Individual Capacity as Sheriff of Erie County,
DEPUTY SALVATORE VACCARO
(in his official and individual capacity),
DEPUTY SARAH MURPHY,
(in her official and individual capacity),
DEPUTY MOLLY GORSKI,
(in her official and individual capacity),
SERGEANT CHRISTOPHER SOLURI,
(in his official and individual capacity),


                    Defendants.
_____

     Plaintiff, MICHAEL P. KUBISZYN, ("plaintiff") by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for his complaint against defendants, alleges:

## PRELIMINARY STATEMENT

     1.     This is a civil rights action seeking monetary relief, including past and ongoing economic loss, compensatory and punitive damages, costs and fees for violation of rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the common law and the laws of the State of New York.

2.      Plaintiff alleges that defendants falsely pursued, accused, falsely detained, improperly searched and seized, maliciously prosecuted, defamed, inflicted emotional distress, abused process, and abused official authority in violation of his constitutional and civil rights. Plaintiff alleges that defendant Sheriff Garcia, negligently failed to timely investigate this occurrence, and withheld information to cover same up despite the truth being known and apparent to them.

3.      Defendant Garcia refused to conduct any reasonable investigation, inquiries, and refused to take appropriate and prompt action and subjected him to abuse of process, malicious prosecution, false arrest, and false statements by Deputy Salvatore Vaccaro.

4.      Defendant Garica, his agents and employees had reason to know that there was evidence which would exonerate Michael Kubiszyn. Erie County and Erie County Sheriff's Office knew that it had evidence which provide that statements of witnesses and the police officer were false, contrived, manufactured, and the product of false charges which arose from the abuse of process, corruption, and willful disregard of evidence.

5.      The defendants also conspired to condone and encourage civil and constitutional rights violations by suborning perjury failing to investigate, summarily punishing, and failing to intervene to prevent the actions of the defendant deputies against the plaintiff.

6.      On or after September 22, 2024, defendants withheld information concerning the phone call and discussion between Deputy Vaccaro and a family friend who requested that Defendant Vaccaro have the plaintiff be arrested as a personal favor. Defendants failed to disclose this information and this failure was a clear violation of plaintiff's rights which required the dismissal of all false criminal charges.

-2-

7.      Additionally, defendant, Deputy Vaccaro was not scheduled to work on the night of September 22, 2024, and only, in fact, requested an additional shift after his conversation with said family friend.

8.      Michael Kubiszyn was wrongfully subjected to false felony and misdemeanor charges, falsely arrested, wrongfully forced to answer charges, was maliciously prosecuted, and made to incur legal fees and incurred the loss of his employment based on false premises all of which defendants were aware.

9.      Such acts caused plaintiff, Michael Kubiszyn, to suffer multiple injuries including but not limited to lost wages, special damages, mental anguish, mental pain and suffering, fear, anxiety, humiliation, embarrassment, loss of future employment, permanent damage to standing in the community, loss of freedom, loss of support, damage to name and reputation, and other injuries not yet fully ascertained.

10.      On September 22, 2024, at approximately 9:03 p.m., plaintiff was operating his vehicle on Jamison Road at the intersection of Girdle Road in Elma, New York, when defendant Vaccaro unlawfully stopped, questioned, frisked, searched, and falsely arrested plaintiff as a favor to a friend, and subjected the plaintiff to abuse of process, and maliciously prosecuted plaintiff.  Plaintiff was caused to lose work and income due to the arrest. While those officers did not physically touch plaintiff, they observed their fellow officer, defendant Vaccaro, violating plaintiff's rights under New York State law and the Constitution, but neglected to intervene to stop their fellow officers from continuing to violate plaintiff's rights under New York State law and the United States Constitution are liable to plaintiff for their failure to intervene.

-3-

## **PARTIES**

11.     Plaintiff, at all times hereinafter mentioned was and still is a resident of the Town of East Aurora located within the County of Erie and the State of New York.

12.     Defendant ERIE COUNTY SHERIFF JOHN C. GARCIA ("Garcia") is the Sheriff of Erie County and is responsible for the day-to-day operations of deputies. In his official capacity as Sheriff, he has the custody, control, and charge of his deputies, including the power to discipline. Sheriff Garcia is sued in both his individual and official capacity.

13.     Upon information and belief, Erie County Sheriff's Office ("ECSO"), is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

14.     Upon information and belief, at all times herein mentioned, Defendant Vaccaro, was and still is a resident of the County of Erie and the State of New York.

15.     Upon information and belief, at all times herein mentioned, Defendant Murphy, was and still is a resident of the County of Erie and the State of New York.

16.     Upon information and belief, at all times herein mentioned, Defendant, Gorski, was and still is a resident of the County of Erie and the State of New York.

17.     Upon information and belief, at all times herein mentioned, Defendant, Soluri, was and still is a resident of the County of Erie and the State of New York.

18.     Upon information and belief, at all times hereinafter mentioned, Defendant Vaccaro, was employed as a deputy by defendants, Erie County Sheriff Garcia and/or Erie County Sheriff's Office and is sued herein individually and in their official capacity.

-4-

19.     Upon information and belief, at all times hereinafter mentioned, Defendant, Murphy, was employed as a deputy by defendants, Erie County Sheriff Garcia and/or Erie County Sheriff's Office and is sued herein individually and in her official capacity.

20.     Upon information and belief, at all times hereinafter mentioned, Defendant, Gorski, was employed as a deputy by defendants, Erie County Sheriff Garcia and/or Erie County Sheriff's Office and is sued herein individually and in her official capacity.

21.     Upon information and belief, at all times hereinafter mentioned, Defendant, Soluri, was employed as a deputy by defendants, Erie County Sheriff Garcia and/or Erie County Sheriff's Office and is sued herein individually and in his office capacity.

22.     At all times hereinafter mentioned and in all their actions described herein, defendants, pursuant to the authority vested in the employees, servants, and agents of Erie County and/or the Sheriff, were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of ESCO and/or Sheriff Garcia and under color of state law.

## CONDITION PRECEDENT

23.     This action falls within one or more of the exceptions set forth in the CPLR §1602.

## VENUE

24.     The basis of venue is plaintiff's residence.

## FACTS

-5-

25.     On September 22, 2024, at approximately 9:03 p.m., plaintiff was operating his vehicle on Jamison Road at the intersection of Girdle Road in Elma, New York, when defendant Deputy, Salvatore Vaccaro performed a traffic stop that was initiated after a family friend called in a personal favor to defendant Vaccaro.

26.      Earlier that evening, Vaccaro received a phone call to his personal cell phone from a friend of a family member stating that he would like the plaintiff to be pursued and arrested as a personal favor. Upon information and belief, following this conversation, Vaccaro impermissibly extended his shift to work traffic and waited for plaintiff's vehicle so that he could initiate a stop and falsely arrest the plaintiff as a favor to his friend.

27.     Defendant Vaccaro improperly pursued plaintiff without lights or sirens and waited until plaintiff committed some form of a traffic violation so that he could pull him over.

28.     Plaintiff complied with the defendant deputies' instructions.

29.     Defendants Vaccaro, Murphy and/or Gorski performed sobriety testing upon the plaintiff and additionally charged him with driving while intoxicated and moving from lane unsafely.

30.     Defendant Vaccaro has a long history of falsifying facts.

31.     Notably, defendant Vaccaro's numerous instances of prior police misconduct including falsely claiming to conduct welfare checks on inmates were discussed in detail in the following news article: https://www.wkbw.com/news/i-team/i-team-erie-county-sheriffs-deputies-caught-sleeping-on-the-job-multiple-times last accessed on September 20, 2025.

32.     Upon information and belief, false, misleading, and incomplete information was provided to the District Attorney's Office by defendant Vaccaro.

-6-

33. Upon information and belief, defendant Vaccaro collected overtime as a result of this unlawful pursuit and arrest.

34. Defendants, Vaccaro, Murphy, Gorski and Soluri conspired to bring these false charges and prosecute plaintiff as a favor to a friend of Vaccaro's relative and a person who had a personal relationship with Vaccaro.

35. Upon information and belief, defendants engaged in false claims, intentional improper and faulty investigation, manufactured evidence, and manipulation of evidence all to have plaintiff suffer for as a favor to a friend of defendant Vaccaro's relative and a person who had a personal relationship with Vaccaro.

36. Defendants, Murphy, Gorski and Soluri observed their fellow officer, defendant Vaccaro manufacture the arrest of plaintiff as a favor to his friend while violating plaintiff's rights under New York State law and the Constitution but neglected to intervene to stop their fellow officer from continuing to violate plaintiff's rights under New York State law and the United States Constitution are liable to plaintiff for their failure to intervene.

37. As a result of the unlawful arrest and prosecution, plaintiff's driver's license was suspended.

38. Further, as a result of the unlawful arrest and prosecution, plaintiff has been unable to work as a commercial driver since the incident.

39. The unlawful stop, question, frisk, search, false arrest, malicious prosecution, and abuse of process, against plaintiff by the individually named defendants caused plaintiff to sustain physical, psychological, economic, and emotional trauma.

40. This action falls within one or more of the exceptions set forth in CPLR § 1602.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS' PLAINTIFF, ALLEGES:**

-7-

(Violation of Fourth and Fourteenth Amendments)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

42.     The individually named deputy defendants while acting in concert and within the scope of their authority, caused plaintiff to be unlawfully stopped, questioned, frisked, seized, unlawfully searched, falsely arrested, maliciously prosecuted, and subjected plaintiff to abuse of process without probable case in violation of plaintiffs right to be free of an unreasonable seizure and denial of due process under the Fourth and Fifth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

43.     As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, economic, emotional, psychological, and economic injuries.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS' PLAINTIFF, ALLEGES:

(False Arrest)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

45.     The acts and conduct of the defendants constitute false arrest under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

46.     This arrest was made in the absence of a warrant for the arrest.

47.     This arrest was made in the absence of probable cause for this arrest.

-8-

48.     The defendant deputies arrested plaintiff without having exigent circumstances for doing so.

49.     There was no other authority for the arrest of plaintiff.

50.     The plaintiff was conscious of this arrest.

51.     The plaintiff did not consent to this arrest.

52.     In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

53.     As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

54.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by Sheriff Garcia and Erie County Sheriff's Office, which are therefore responsible for their conduct.

55.     Sheriff Garcia and ECSO, as the employers of the defendants, is responsible for their wrongdoing.

56.     As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, economic, emotional, and psychological injuries.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS' PLAINTIFF, ALLEGES:

(Unlawful Stop, Question, and Frisk)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

-9-

58.     The illegal approach, pursuit, stop, questioning and frisk employed by defendants herein terminated plaintiff's freedom of movement through means intentionally applied.

59.     The conduct of defendants in stopping, frisking, and searching plaintiff were performed under the color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

60.     As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York.

61.     Defendants were at all times agents, servants, and employees acting withing the scope of their employment by the Sheriff and ECSO, which are responsible for their conduct.

62.     The Sheriff and ECSO, as employers of the deputy defendants, are responsible for their wrongdoing.

63.     As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, economic, emotional, and psychological injuries.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS' PLAINTIFF, ALLEGES:

### (Unlawful Search)

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

65.     The illegal approach, pursuit, stop and search inside plaintiff's pockets and underneath his clothing employed by defendants herein terminated plaintiff's freedom of movement through means intentionally applied.

66.     Defendants lacked probable cause to search plaintiff.

-10-

67.    As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York.

68.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Sheriff and ECSO, which are therefore responsible for their conduct.

69.    The Sheriff and ECSO, as the employers of the officer deputies, are responsible for their wrongdoing.

70.    As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS' PLAINTIFF, ALLEGES:

(Malicious Prosecution)

71.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

72.    The acts and conduct of the defendants constitute malicious prosecution under the laws of the United States Constitution, State of New York, and New York State common law.

73.    Defendants commenced and continued a criminal proceeding against plaintiff.

74.    There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

75.    The prosecution and criminal proceedings terminated in plaintiff's favor.

76.    Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

-11-

77.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Sheriff and ECSO, which are therefore responsible for their conduct.

78.    The Sheriff and ECSO, as the employers of the officer deputies, are responsible for their wrongdoing.

79.    As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS' PLAINTIFF, ALLEGES:

(Malicious Abuse of Process)

80.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

81.    Defendants issued legal process to place plaintiff under arrest and to initiate a criminal prosecution against him.

82.    Defendants arrested and prosecuted plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

83.    Defendants acted with intent to do harm to plaintiff, without excuse or justification.

84.    As a result of the foregoing, plaintiff sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings, and deprivation of his constitutional rights.

85.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Sheriff and ECSO, which are therefore responsible for their conduct.

-12-

86.     The Sheriff and ECSO, as the employers of the deputy defendants, are responsible for their wrongdoing.


### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF, ALLEGES

(Failure to Intervene to Prevent Unconstitutional Conduct)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

88.     Defendants violated their affirmative duty to protect plaintiff's constitutional rights from infringement by other present law enforcement officers.

89.     Defendants failed to intervene when Defendants Vaccaro, Murphy, Gorski and/or Soluri unreasonably searched and seized, involuntarily detained, falsely arrested, were negligent, abused process, violated claimant's Civil Rights under 42 U.S.C. § 1983, and did not intervene, despite having a realistic opportunity to prevent the harm.

90.     Upon information and belief, on or about the 22nd day of September 2024, more police officers arrived at the scene. The deprivation of rights was knowable to officers who later arrived at the scene. Defendants assumed an affirmative duty to act on behalf of plaintiff. Plaintiff had no choice but to rely on defendants because defendants were in physical control of plaintiff after they placed him under arrest.

-13-

91.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

92.     Defendants failed to intervene in the obvious violations of plaintiff's constitutional rights.

93.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Sheriff and ECSO, which are therefore responsible for their conduct.

94.     The Sheriff and ECSO, as the employers of the deputy defendants, are responsible for their wrongdoing.

95.     As a result of the foregoing, plaintiff seeks an award of general, special, and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and an award of attorney's fees and costs.

**EIGHTH CAUSE OF ACTION, AGAINST DEFENDANTS, PLAINTIFF, ALLEGES:**

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**

96.     Plaintiff, repeats, reiterates and realleges each and every allegation contained in above with the same force and effect as if fully set forth herein.

97.     By failing to remedy the wrongs committed by their subordinates, in failing to properly train, screen, supervise, or discipline their subordinates, and by personally participating in the constitutional injuries as set forth elsewhere herein, defendant Sheriff, ECSO, and Soluri violated plaintiff's rights under the United States Constitution, through 42 U.S.C. §1983.

-14-

98.     As a result of the foregoing, plaintiff was deprived of their liberty and other constitutional rights, suffered bodily injury, pain and suffering, psychological and emotional injury, costs, and expenses, and were otherwise damaged and injured.

## NINTH CAUSE OF ACTION, AGAINST DEFENDANTS, PLAINTIFF ALLEGES:

(Negligent Infliction of Emotional Distress)

99.     Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

100.     By the actions described herein, defendants each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed to plaintiff by the laws and Constitution of the State of New York.

101.     As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

102.     The Sheriff and ECSO, as employers of the deputy defendants, are responsible for their wrongdoing.

-15-

**TENTH CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE-NAMED,**
**THE PLAINTIFF ALLEGES:**
(Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)

103.     Repeats, reiterates and realleges each and every allegation contained in the above

paragraphs with the same force and effect as fully set forth herein.

104.     A municipality, such as the Sheriff, may be held liable under § 1983 when its official

policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690–91, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978).

105.     Defendant Sheriff, established, condoned, ratified, and/or encouraged customs,

policies, patterns, and practices that directly and proximately caused the deprivation of the civil and

constitutional rights of Plaintiff, and the damages and injuries described herein. They did so with

deliberate indifference to the rights of the detainee and had actual and/or constructive knowledge of

the pervasive and widespread practice of ECSO police use of illegally stopping, questioning, search,

and arresting individuals without a specific articulable factual basis for many years yet failed to do

anything to end the practice. These written and unwritten policies, customs, patterns, and practices

included:

a.   Permitting deputies employing illegal stops, questioning, searches in the course

of effectuating arrests and during non-arrest interactions with individuals in the

County to use said tactics in the absence of any objective circumstances presented

to them that could support the application of same;

b.   Failing to discipline deputies that have falsified documents and statements

regarding citizens in their care and custody;

c.   Failing to properly screen, during the hiring process, and supervise thereafter,

police to eliminate illegal arrests.

-16-

    d.   Inadequately training, supervising, and disciplining deputies at ECSO responsible for conducting and effectuating arrests.

    e.   Inadequately training officers to effectuate arrests without illegal stops, questioning, searching and/or intervene when same is being deployed;

    f.   Failing to have in place, or failing to follow, a policy or procedure to prevent officers from filing falsifying reports, documents, and/or arrests;

    g.   Wrongfully arresting persons without probable cause;

    h.   Retaining the deputy(ies), when they knew or should have known of his/her propensity to abuse his/her position of authority as an ECSO deputy;

    i.   Failing to have in place, or failing to follow, a policy or procedure to prevent personnel from falsifying documents and/or information regarding illegal arrests and searches;

    j.   Failing to have in place, or failing to follow, a policy or procedure to prevent personnel from illegally stopping, questioning, search, and arresting individuals without a specific, articulable factual basis supporting reasonable suspicion and/or probable cause that a crime was committed;

106.    At all relevant times, Defendant Sheriff acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of plaintiff. The actions of the defendants were malicious, willful, wanton, and reckless.

107.    The failure by defendants to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

108.    Such acts as alleged herein were the proximate cause of injury and damage to the plaintiff.

-17-

109.    Upon information and belief, when Defendants improperly pursued and thereafter illegally stopped, questioned, searched, and arrested plaintiff, they were acting pursuant to the custom, practice, and/or policy of the Defendant Sheriff, which condones ECSO illegal arrests, false statements, and abuse of process.

110.    Upon information and belief, Defendant Sheriff's, custom, practice, and/or policy on condoning police misconduct by its deputies, directly and proximately resulted in the plaintiff being illegally stopped, questioned, searched, and then falsely arrested and charged with crimes he did not commit in an attempt to justify Defendants unlawful actions.

111.    The defendant deputies, were trained, instructed, and authorized to pursue, detain, arrest individuals for personal reasons as a favor to a friend.

112.    Upon information and belief, to date Defendant Sheriff has not implemented any training, oversight measures or policies designed or intended to curtail the improper use of police resources as a favor to a friend.

113.    Upon information and belief, Defendant Soluri and other ECSO supervisors and officials have approved and continue to approve the practice of ECSO charging individuals with crimes and violations as pretexts to justify punitive false arrests undertaken in the absence of probable cause.

114.    Despite due and repeated notice, to date Defendant Sheriff has not implemented any oversight measures or policies designed or intended to curtail the improper approval by high-ranking ECSO officials.

115.    As a result of the above constitutionally impermissible conduct, plaintiff suffered violations of their civil rights, emotional distress, anguish, anxiety, fear, and humiliation.

-18-

116.     Accordingly, plaintiff demand judgment against Defendant, compensatory and equitable, including costs and fees, to be determined at trial.

### ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ABOVE-NAMED, PLAINTIFF ALLEGES:
#### (Negligence)

117.     Repeats, reiterates and realleges each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

118.     Upon information and belief, the alleged incident hereinbefore described, and the resultant injuries/damages were caused as the result of the negligence, carelessness, recklessness, and unlawful conduct on the part of the defendants, upon the breach of defendants' duty to follow policies and procedures and defendants negligently failing to apply training and failing to supervise its officers, employees, and agents.

119.     As a result of the foregoing, the plaintiff sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

120.     Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff asks this Court to GRANT the following relief:

Compensatory, special, and equitable damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; Award attorneys' fees and costs pursuant to 42 U.S.C. §§1983 and 1988; Punitive damages; and for such other, further, or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

-19-

DATED:      Buffalo, New York
               September 20, 2025

                                       LIPSITZ GREEN SCIME CAMBRIA LLP

                                       By: /s/ Melissa D. Wischerath
                                       MELISSA D. WISCHERATH, ESQ.
                                       Attorneys for Plaintiff
                                       42 Delaware Avenue, Suite 120
                                       Buffalo, New York 14202-3924
                                       (716) 849-1333

-20-